UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| ARCHER-DANIELS-MIDLAND COMPANY; dba ADM GRAIN COMPANY, | § § § § | |
| Plaintiffs, | § | |
| VS. | § | CIVIL ACTION NO. 3:16-CV-341 |
| M/V AZUR, *et al*, | § § | |
| Defendants. | § § | |

# **ORDER**

Pending before the Court is a pretrial objection filed by counsel for the vessel, M/V AZUR ("Azur"). Azur has invoked Federal Rule of Civil Procedure 37(c)(1) and argued that the plaintiff, Archer-Daniels-Midland Company d/b/a ADM Grain Company ("ADM"), should not be allowed to call David Dennis at trial because ADM did not disclose Dennis as a potential witness as required by Federal Rule of Civil Procedure 26. At a hearing on the objection, counsel for ADM candidly, and commendably, admitted that he did not disclose Dennis and that the omission was an oversight for which he had no excuse. ADM does not concede that exclusion of Dennis's testimony is warranted, however, and instead argues that the omission was harmless because Dennis's name "appears 156 times on 118 different pages" of correspondence that ADM produced to Azur during discovery. To support its argument, ADM points to the Advisory Committee Notes regarding Rule 37, which discourage the imposition of "unduly harsh penalties" for

certain omissions, including "the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a potential witness known to all parties[.]"

The Court, again, appreciates ADM's counsel's candor. But, under these circumstances, exclusion of Dennis's testimony is appropriate. In relevant part, Federal Rule of Civil Procedure 37(c)(1) provides as follows:

> If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless.

In evaluating whether the failure to disclose is harmless, a court looks to four factors: (1) the importance of the evidence; (2) the prejudice to the opposing party from including the evidence; (3) the possibility of curing any prejudice by granting a continuance; and (4) the explanation for the party's failure to disclose. *Primrose Operating Co. v. National American Insurance Co.*, 382 F.3d 546, 563–64 (5th Cir. 2004). Here, those factors weigh in favor of exclusion. ADM intends to call Dennis to testify "to the existence and content of other grain terminal tariffs, including other dead berth charges, in the Gulf [of Mexico] region" in order to establish that "such tariffs [are] to be expected when calling at U.S. grain terminals in the Gulf of Mexico region"—in effect, that Azur had constructive notice of ADM's tariff. The Court has reviewed the voluminous correspondence produced by ADM that contains mentions of Dennis's name, and nothing in that correspondence indicates that Dennis was "known to all parties" to be a potential witness, much less a potential witness on the particular subject of customary grain terminal tariffs and dead berth charges in the Gulf of Mexico, a topic that borders

on expert testimony. And, at the hearing on Azur's objection, Azur's counsel represented that Azur's witnesses are far from Galveston, and indeed far from the United States, a representation that is not only uncontested by ADM but corroborated by the fact that Azur is calling all of its witnesses by deposition. It would be unfair to require Azur to schedule additional depositions of its far-flung witnesses, or barring that to locate additional witnesses, to counter surprise witness testimony that ADM's own counsel admits ADM should have disclosed.

Azur's objection to the testimony of David Dennis under Federal Rule of Civil Procedure 37(c)(1) is **SUSTAINED**.

SIGNED at Galveston, Texas, this 11th day of May, 2018.

_____
George C. Hanks Jr.
United States District Judge